[No. 6285. Decided December 29, 1906.]

RICHARD HYNES, *Appellant*, v. JOSEPH PLASTINO *et al.*, *Respondents.*[1]

APPEAL—RESERVATION OF GROUNDS—OBJECTIONS. The objection that the court erred in holding that an answer states a defense, and in admitting evidence thereunder, cannot be made for the first time in the supreme court.

BILLS AND NOTES—DEFENSES—WANT OF CONSIDERATION—FRAUD. Notes given to a timber locator for services in locating claimants upon the public lands, pursuant to a conspiracy to defraud the government and in violation of the land laws, are without consideration, and unenforcible where the notes were not indorsed for value before maturity and the plaintiff was not an innocent holder for value.

Appeal from a judgment of the superior court for Spokane county, Huneke, J., entered January 3, 1906, upon the verdict of a jury rendered in favor of the defendants, in an action to recover upon two promissory notes. Affirmed.

*John A. Pierce* and *James Hopkins*, for appellant.

*Tolman & Kimball*, for respondents.

HADLEY, J.—This is a suit to recover upon two promissory notes, of $300 and $500, respectively, executed by the defendants Joseph Plastino and F. M. Barrett, payable to the order of H. J. Shout as payee. The complaint alleges, that the

[1]Reported in 87 Pac. 1127.

notes were indorsed by Shout and transferred to one Brokaw, who in turn indorsed and transferred them to plaintiff for value, before maturity. The defendants Joseph Plastino and wife answered the complaint, and denied that the notes had been transferred for a valuable consideration, or for any consideration whatsoever, before maturity. The answer also contains an affirmative defense to the effect that Barrett, the co-maker, Shout, the payee, Brokaw, the indorser, and one Bone, all conspired together to defraud the United States government of certain public lands, and also to cheat and defraud the defendants; that, in pursuance of the conspiracy, said Brokaw approached the defendant Joseph Plastino and represented to him that he, Brokaw, knew certain people who were desirous of obtaining timber lands belonging to the United States, situate in the state of Montana, and that said parties were willing to enter into a contract for the purchase of such lands from the locators when title should be obtained from the government. The answer further alleges that the answering defendants are Italians, with a limited knowledge of the English language, and a still more limited knowledge of the public land laws of the United States; that they did not then know that the course of conduct suggested by said Brokaw was unlawful. Detailed averments are made as to the conspiracy scheme by which these defendants and their friends were to receive $1,000, exclusive of expenses, for each claim located by them, to be paid after final proof was made and title obtained. It is further alleged that Shout was represented to be an experienced locator of timber, and that the notes were made to him ostensibly to pay for locating claims; that his fee was represented to be $100 per claim, and that defendant Joseph Plastino paid a large sum in cash as location fees, but had not enough cash to pay $100 for each claim located for himself and friends; that the conspirators concealed from the defendant the fact that all money so paid was by agreement to be divided among the conspirators; that in

pursuance of the solicitation of the conspirators, and upon their representation that said Barrett, the co-maker, would pay the notes out of moneys to be paid by the conspirators to this defendant when patent should issue, and relying thereon, the defendant was induced to execute the notes, which were wholly without consideration. Issue was joined by reply, and the cause came on for trial before a jury. A verdict was returned in favor of defendants Joseph Plastino and wife, judgment was entered in their favor, and plaintiff has appealed.

It is urged that the court erred in holding that the answer states facts sufficient to constitute a defense, and in admitting evidence thereunder. No demurrer or motion challenging the answer has been called to our attention, and we are shown no objection to the introduction of evidence on the ground that the answer is insufficient. The point is, therefore, not reviewable here now. But in any event, we think the answer is sufficient, and the testimony in support thereof was admissible.

There was sufficient evidence to support a finding that the note was not indorsed for value before maturity, and that the appellant is not an innocent holder for value. The affirmative defense is also sufficiently supported by testimony to authorize the verdict for respondents. The facts were for the jury, and they have been settled by the verdict.

The judgment is affirmed.

MOUNT, C. J., ROOT, DUNBAR, FULLERTON, and CROW, JJ., concur.